UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-10051-RWZ |
| | ) | |
| MAGDY ABDELSALAM HASSAN, | ) | |
| Defendant. | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, the United States of America, by and through its

attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Paul

R. Moore, hereby submits its request for jury instructions in the above-captioned matter.  The

government reserves the right to supplement, modify, or withdraw these instructions in light of

the defendant's requested instructions.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:     /s/ Paul R. Moore
        Paul R. Moore
        Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

Suffolk, S.S.                                    Boston, Massachusetts
                                                 June 24, 2005

I, Paul R. Moore, Assistant U.S. Attorney, do hereby certify that I have served a copy of
the foregoing by first class mail upon attorney for defendant, Magdy Abdelsalam Hassan,
Edward L. Hayden, Esq., on this 24th day of June, 2005.

/s/ Paul R. Moore
Paul R. Moore
Assistant U.S. Attorney

-1-

## <u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 1</u>
**(Presumption of Innocence; Burden of Proof; Reasonable Doubt)**

As you know, this is a criminal case in which the United States has charged the defendant with committing two crimes. Like every criminal case, the defendant here is presumed by law to be innocent. This presumption of innocence stays with the defendant throughout the course of the trial. It can be overcome only when the United States introduces competent evidence during the course of the trial that satisfies its burden of convincing you beyond a reasonable doubt of the defendants' guilt with respect to every element of both of the charged offenses.

The United States has the burden of proving to you, beyond a reasonable doubt, that the defendant is guilty of the crimes charged. This burden of proof rests upon the United States and it never shifts to the defendant. The defendant is not required to prove anything to you or to present any evidence at all. If the United States fails to meet its burden of proof, then you must acquit the defendant. If, however, the government does meet its burden of proof beyond a reasonable doubt, then you have a similar responsibility to find the defendant guilty.

Proof beyond a reasonable doubt is a phrase often used but difficult to define. It is proof that leaves you firmly convinced that the defendant is guilty. It is not doubt in the mind of a juror who is looking for a doubt or who is looking for an excuse to acquit the defendant. It is doubt in the mind of a reasonable juror who is earnestly seeking the truth. As the words themselves imply, it is a doubt based on reason and common sense.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 1 (Cont.)
### (Presumption of Innocence; Burden of Proof; Reasonable Doubt)

Proof beyond a reasonable doubt is not proof beyond all possibility of doubt, beyond every conceivable doubt, or beyond a shadow of a doubt. The United States is not required to prove the charge to an absolute or mathematical certainty since there are few things in this world that we know with absolute certainty. Thus, the law does not require that the United States prove its case to the same degree of certainty that you have that when you add two plus two you get four. As I stated earlier, proof beyond a reasonable doubt is proof that leaves you, as reasonable persons, firmly convinced of the defendant's guilt.

Federal Judicial Center, Pattern Criminal Jury Instructions, 28 (1988); United States v. DeVincent, 632 F.2d 147, 152-153 & n.7 (1st Cir.), cert. denied, 449 U.S. 986 (1980); United States v. Gibson, 726 F.2d 869, 873-874 (1st Cir.), cert. denied, 466 U.S. 960 (1984); United States v. Munson, 819 F.2d 337, 345-346 (1st Cir. 1987); United States v. Olmstead, 832 F.2d 642, 644-646 (1st Cir. 1987), cert. denied, 486 U.S. 1009 (1988); United States v. Jorge, 865 F.2d 6, 10-11 (1st Cir. 1989); United States v. Campbell, 874 F.2d 838, 841-843 (1st Cir. 1989).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 2
### (Function of the Jury)

The function of you as jurors is to determine the facts. You are the sole and the exclusive judges of the facts. You alone decide the weight, the effect and the value of the evidence and the credibility -- that is, the believability -- of the witnesses. Once you determine the facts, it is your duty to apply those facts to the law as I explain it to you in order to decide whether the defendant is guilty or not guilty of the charges the United States has brought against him. You must determine the facts without prejudice, without fear, without favor, solely from a fair consideration of the evidence. Once you let fear or favor or prejudice or bias or sympathy enter into your deliberations, there is a great risk that you will not arrive at a true and just verdict. In the same vein, you may not consider in your deliberations any personal feelings you may have about the race, religion, national origin, sex or age of the defendant or any witness who testified during the course of the trial. You are not to decide the case on the basis of what you have heard or read outside the courtroom or according to any guesswork or speculation. You cannot speculate as to what might or might not have happened nor can you allow yourselves to be influenced by your view of the nature of the crimes with which the defendant has been charged or the consequences of your verdict. Instead you must confine your deliberations to the evidence and to nothing but the evidence.

See Edward J. Devitt Et Al., Federal Jury Practice and Instructions, § 10.01 (4th ed. 1990).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 3
### (Stipulations of Fact - if applicable)

During the presentation of evidence, certain stipulations between the government and the defendant were read to you.  This means simply that both sides accept as fact the propositions stated in those stipulations.  In other words, there is no disagreement as to those points and you must accept them as fact.

Federal Judicial Center, Pattern Criminal Jury Instructions, 12 (1988) (modified).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 4
### (Direct and Circumstantial Evidence; Inferences)

In your role as jurors, there is an important power that you have and that you inevitably must exercise while considering and evaluating the evidence that's been presented during the course of this trial. That is the power to draw inferences.

To set the stage for discussing inferences, let me tell you that there are two types of evidence which you may use to determine the facts of a case: direct evidence and circumstantial evidence. Direct evidence is evidence of what a witness sees, hears, touches or in some other way perceives with one of his or her senses. Circumstantial evidence exists where a witness cannot testify directly about the fact that is to be proved, but you are presented with evidence of other facts and then asked to draw reasonable inferences from them about the fact which is to be proved.

What do I mean by an inference? Let me begin, first of all, with an abstract or theoretical definition of an inference, if you will. An inference is a permissible deduction that you may make from evidence that you have accepted as believable. Drawing inferences is something you do every day. Inferences are little steps in reasoning, steps in which you take some known information, apply your experience in life to it, and then draw a conclusion.

Some inferences may be consistent with guilt, and some may be consistent with innocence. When an essential element of a crime has not been proven by direct evidence -- that is, by evidence of what somebody saw, or heard, or in some way perceived with one of the five senses – when it hasn't been proven in that fashion, you jurors must use your collective and general knowledge in determining whether that element has been established by inferences

reasonably drawn from other facts in evidence.  Any inference which you draw from such facts

must be a reasonable and natural one and not merely conjecture or guesswork.

Circumstantial evidence alone may be sufficient to convict the defendant if it persuades

you beyond a reasonable doubt that the defendant is guilty of the offenses alleged in the

Indictment.

United States v. Clifford, 979 F.2d 896 (1st Cir. 1992); United States v. Wight, 968 F.2d 1393,
1395 (1st Cir. 1992); United States v. Batista-Polanco, 927 F.2d 14, 17 (1st Cir. 1992).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 5
### (Credibility of Witnesses)

In performing your role as jurors, your function, ladies and gentlemen, is to evaluate the exhibits that have been introduced and to determine and judge the credibility of the testimony of the witnesses.  What do I mean by credibility?  That is simply a fancy word for "believability." It is your function and your function alone to determine the believability of the witnesses who came forward and testified.  You are free to decide that you believe all of what a witness told you, or none of what a witness told you, or some of what a witness told you.  You're free to do that all in accordance with your collective judgment as to the believability of what it was that the witness told you while on the witness stand.

Now, how do you go about making this critically important judgment about the believability of what the witnesses told you while they were testifying?  Having raised the question, I tell you that I cannot -- indeed, nobody can -- tell you all of the ways that you go about making this terribly important judgment about credibility.  I can suggest to you, however, some of the things that you should look at in making that judgment.  You should consider, for example, the conduct and the demeanor of the witness while testifying, the frankness or lack of frankness that the witness displayed while testifying, the reasonableness or the unreasonableness of the testimony itself, the probability or improbability of that testimony, the opportunity or lack of opportunity that the witness had to see and to know the facts about which he or she was testifying, the accuracy of the witness's recollection, the degree of intelligence shown by the witness, whether the witness has attempted to fill in gaps in his or her memory of events with information he or she obtained after the event was over.

-8-

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 5 (Cont.)
### (Credibility of Witnesses)

You may also consider whether the witness has a motive for testifying and, of course, the interest or lack of interest that the witness may have in the outcome of the case. You should take into consideration the character and the appearance of the witness at trial and any bias he or she has shown in his or her testimony. The list is not exhaustive. It is, rather, a list of examples of the things you may take into account and should take into account in making that judgment.

United States v. Hardy, No. 91-10180-K, Charge to the Jury (D. Mass. Nov. 13, 1991) (Keeton, J.).
See also Edward J. Devitt Et Al., Federal Jury Practice and Instructions, § 15.01 (4th ed. 1990).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 6
### (Credibility-- Prior Inconsistent Statements)

You should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.  You should keep in mind, of course, that a simple mistake or inadvertent omission by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement or omission, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

Eleventh Circuit District Judges Association, Pattern Jury Instructions, Criminal Cases, § 6.1 (1985).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7
### (Expert Testimony - if applicable)

You have heard testimony from person(s) described as experts.  A person(s) who, by knowledge, skill, training, education or experience, has become an expert in some field may state their opinions on matters in that field and may also state the reasons for their opinions.

Expert testimony should be considered just like any other testimony.  You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

Edward J. Devitt Et Al., Federal Jury Practice and Instructions,
§ 14.01 (4th ed. 1990) (modified).

-11-

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 8
### (Punishment)

If the defendant is found guilty of either or both of the offenses that have been charged, it will be my duty to decide what his punishment will be. You should not be concerned with punishment in any way. It should not enter into your consideration or discussion.

U.S. Fifth Circuit District Judges Association, Pattern Jury  Instructions, Criminal Cases, § 1.21 (1990);
Edward J. Devitt Et Al., Federal Jury Practice and Instructions,
§ 18.02 (4th ed. 1990).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 9
### ("On or About")

You will note that the Indictment charges that, for each offense charged, the offense was committed "on or about" a certain date rather than "on" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

Leonard B. Sand Et Al., Modern Federal Jury Instructions, § 6.06, Instruction No. 6-17, (1993);
Edward J. Devitt Et Al., Federal Jury Practice and Instructions, § 13.05 (4th ed. 1990);
United States v. Brody, 486 F.2d 291 (8th Cir. 1973), cert. denied, 417 U.S. 929 (1974).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 10**
**(Indictment - Count One -Illegal Re-entry of a Deported Alien)**

[*Read Count One of the Indictment*]

Count One of the two-count Indictment charges the defendant with violating Section 1326 of Title 8 of the United States Code.  This is a criminal statute which provides that it is unlawful for any person who has been denied admission, excluded, deported, or removed from the United States to enters, attempt to enter, or be found in the United States. In order to find the defendant guilty, you must be satisfied beyond a reasonable doubt of the following four elements:

FIRST:        That the defendant was an alien at the time of the alleged offense;

SECOND:   That prior to the time of the alleged offense, the defendant had previously been

              deported from the United States.

THIRD:       That the defendant re-entered the United States; and

FOURTH:    That the defendant had not received the express consent of the Attorney General

              of the United States or the express consent of the Secretary of the Department of

              Homeland Security to apply for re-admission to the United States.

18 U.S.C. §1326(a)(1); J.Hornby, D.,  Pattern Criminal Jury Instructions for the District Courts of the First Circuit(2003 Revisions), §4.08.1326  and Adapted from Sand, *et al*., Modern Federal Jury Instructions ¶33A.01, Instruction No. 33A-33 (2004).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 11
### (First Element - Alienage)

The first element that the government must prove beyond a reasonable doubt is that the defendant was an alien at the time of the offense alleged in the Indictment.

An alien is a person who is not a natural-born or naturalized citizen, or a national of the United States. A national of the United States is a person born in a United States territory.

Sand, *et al*., Modern Federal Jury Instructions ¶33A.01, Instruction No. 33A-34 (2004).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 12
### (Second Element - Previous Deportation)

The second element that the government must prove is that prior to the time of the

offense alleged in the indictment, the defendant had been deported from the United States.

Deportation means removal from the United States by the immigration authorities.

Sand, *et al*., Modern Federal Jury Instructions ¶33A.01, Instruction No. 33A-25 (2004).

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13**
**(Third Element -Re-entry)**

The third element that the government must prove beyond a reasonable doubt is that the defendant improperly entered the United States as charged in the Indictment.

To enter the United States means to come into the United States from a foreign port or place while free from official restraint. "Free from official restraint" means free from observation or surveillance by government official for any period of time after one enters the United States until the time one is apprehended or placed in custody.

To satisfy this element, the government must also prove that the defendant voluntarily entered the United States. However, the government does not have to prove that the defendant knew that he was not allowed to enter the United States.

Sand, *et al*., Modern Federal Jury Instructions ¶33A.01, Instruction No. 33A-36(2004).

-17-

**GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14**
**(Fourth Element -Lack of consent to Re-enter)**

The fourth element that the government must prove beyond a reasonable doubt is that the defendant had not received the express permission of the Attorney General or the Secretary of the Department of Homeland Security to apply for readmission.

To satisfy this element, the government must prove that before leaving from a place outside the United States to enter the United States, the defendant did not obtain the express permission of the Immigration and Naturalization Service to reapply for admission to the United States.

Sand, *et al*., Modern Federal Jury Instructions ¶33A.01, Instruction No. 33A-37(2004).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 15**
**(Indictment - Count Two -Aggravated Identity Theft)**

[*Read Count Two of the Indictment*]

Count Two of the two-count Indictment charges the defendant with violating Section 1028A of Title 18 of the United States Code.  This is a criminal statute which provides that it is unlawful to knowingly transfer, possess, or use, without lawful authority, a means of identification of another person. Thus, in order to find the defendant guilty, you must be satisfied beyond a reasonable doubt of the following two elements:

FIRST:       That the defendant knowingly transferred, possessed or used, without lawful authority, a means of identification of another person;

SECOND:    That the defendant transferred, possessed or used the means of identification of another person during and in relation to a felony violation, to wit, Illegal Re-entry into the United States as charged in Count One.

18 U.S.C §1028A(a)(1); modeled from previous 18 U.S.C. § 1028(a)(7) instruction and Ninth Circuit Model Jury Instructions, Criminal, Instruction 8.65 (18 U. S. C. § 924(c)

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 16

### (First Element -Use of Identification)

The first element that the government is required to prove beyond a reasonable doubt refers to a means of identification. The term "means of identification" is defined as any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual.

The term "knowingly", as that term has been used in the Indictment and in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

18 U.S.C §1028A; modeled from previous 18 U.S.C. § 1028(a)(7) instruction and Ninth Circuit Model Jury Instructions, Criminal, Instruction 8.65 (18 U. S. C. § 924(c)

### <u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 17</u>
### (Second Element -Relation to felony)

The second element that the government must prove beyond a reasonable doubt is that the defendant transferred, possessed or used the means of identification during and in relation to a felony violation, in this case, the felony violation charged in Count One of the Indictment, which is Illegal Re-entry into the United States.

In order for you to find that the Defendant acted "during and in relation to" an offense, you must find that the unauthorized transfer, possession or use of the means of identification facilitated or played a role in the offense.

You may use the Court's previously articulated definitions of the elements of the offense of Illegal Re-entry in considering whether the defendant's actions facilitated or played a role in the offense, keeping in mind that this count charges transfer, possession or use of a means of identification during and in relation to illegally re-entering the United States, and not the commission thereof.

18 U.S.C §1028A(c)(10); 18 U.S.C. §1326; modeled from previous 18 U.S.C. § 1028(a)(7) instruction and Ninth Circuit Model Jury Instructions, Criminal, Instruction 8.65 (18 U. S. C. § 924(c)